Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2919 | **DATE** | 9/26/2001 |
| **CASE TITLE** | Cement Masons Pension Fund vs. King & Larsen, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Defendant's answer is hereby stricken with leave granted to file the required Amended Answer in this Court's chambers on or before October 5, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 27 2001 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 9/26/2001 | |
| SN | courtroom deputy's initials | 01 SEP 26 PM 4: 13 | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CEMENT MASONS PENSION FUND, )
LOCAL 502, et al., )
 )
             Plaintiffs, )
 )
v. ) No. 01 C 2919
 )
KING & LARSEN, INC., etc., )
 )
             Defendant. )

DOCKETED
SEP 27 2001

## MEMORANDUM ORDER

M.A. King Construction, Inc. and King & Larsen Construction, Inc. have filed what purports to be their Answer to the Amended Complaint brought against them by several employee benefit funds (collectively "Funds") suing under ERISA. This memorandum order is issued sua sponte to strike that pleading because of its basic flaws and to require the prompt filing of a self-contained Amended Answer.

To begin with, defense counsel has the bizarre notion (unfortunately shared by more than a few lawyers) that if any of a plaintiff's allegations amounts to a legal conclusion, no answer is required to the assertedly defective allegation. That is dead wrong--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Because every paragraph of the Answer relies in whole or in part on that mistaken notion, every one must be and is trashed.

As long as defense counsel must return to the drawing board in any event, the Amended Answer must also conform to this

District Court's LR 10.1, which requires every responsive pleading to set out each allegation being responded to (a requirement most often, though not always, satisfied by an in haec verba repetition of those allegations), followed by each responding paragraph. That requirement has as its obvious purpose the reader's ability to see precisely what is and what is not being put in issue without having to flip back and forth between two separate pleadings.

Defense counsel are ordered to file the required Amended Answer in this Court's chambers (with a copy of course being transmitted to Funds' counsel) on or before October 5, 2001. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's own errors. Defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                      Milton I. Shadur
                                      Senior United States District Judge

Date: September 26, 2001